Robert Solomon, Esq. (Bar No. 159272016)
650 From Road, Suite 240
Paramus, NJ 07652
Tel: (201) 261-1700
Fax: (201) 549-6236
Email: rsolomon@callagylaw.com
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Neurophysiologic Interpretive Specialists, LLC<br><br>Petitioner,<br><br>v.<br><br><br>Aetna Inc.; Meritain Health<br><br>Respondents. | Civil Action No.<br><br><br><br>**COMPLAINT AND PETITION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT** |

Petitioner, Neurophysiologic Interpretive Specialists, LLC, by and through its attorneys, Callagy Law, P.C., submits this Complaint and Petition against Aetna Inc. and Meritain Health, stating as follows:

**PRELIMINARY STATEMENT**

1. This case arises from Respondents' failure to comply with arbitration awards issued under the Federal No Surprises Act.

2. Petitioner, a medical provider specializing in intraoperative monitoring services, has obtained an arbitration award confirming its/their right to additional reimbursement for services rendered to Respondents' insured.

3. Despite these clear determinations, Respondents have not made the required payments, necessitating this action to enforce the award and ensure compliance with the law

4. Petitioner has made every reasonable effort to resolve these disputes outside of litigation, including submitting formal demands, engaging in direct outreach, and seeking assistance from regulatory authorities.

5. However, Respondents' continued nonpayment has left Petitioner with no alternative but to seek judicial intervention.

6. Petitioner respectfully requests that this Court enter an order confirming the arbitration award pursuant to 9 U.S.C. § 9, as well as granting appropriate relief, including payment of all outstanding amounts, statutory interest, attorneys' fees, and any other relief the Court deems just and proper.

## PARTIES, JURISDICTION, AND VENUE

7. Petitioner is a medical practice specializing in intraoperative monitoring services, with its principal place of business at 700 US Highway 46 East Suite 420 Fairfield, NJ 07004.

8. Upon information and belief, Respondent Meritain Health, a subsidiary of Respondent Aetna Inc., and Respondent Aetna Inc. itself, are engaged in providing and/or administering healthcare plans or policies in the State of New Jersey.

9. Jurisdiction is proper in the Federal Court for the District of New Jersey as this action is brought pursuant to several federal statutes, including the No Surprises Act, 42 U.S.C. §§ 300gg-111, et seq, and pursuant to 9 U.S.C. § 9 regarding confirmation of arbitration awards.

10. Venue is proper under 28 U.S.C. § 1391 because substantial part of the events giving rise to this action, occurred within the District.

## FACTUAL BACKGROUND

### Petitioner's Efforts to Resolve Payment Disputes Prior to Arbitration

11. Petitioner provides **medically necessary** intraoperative monitoring services to a patient insured under health plans administered by Respondents.

12. After rendering these services, Petitioner submits claims for reimbursement in accordance with standard industry procedures.

13. Respondents have underpaid Petitioner for these services, issuing payments that do not reflect fair and reasonable reimbursement.

14. In an effort to resolve these disputes without litigation, Petitioner has engaged in the open negotiation process required under the Federal No Surprises Act, providing detailed documentation and attempting to reach an agreement.

15. However, Respondents have either failed to engage in meaningful negotiations or have not provided appropriate adjustments, requiring Petitioner to initiate arbitration under the Independent Dispute Resolution (IDR) process.

## Arbitration Awards Issued in Petitioner's Favor

16. Through the arbitration process, independent dispute resolution entities have reviewed the claims and consistently found in Petitioner's favor, determining that additional reimbursement is warranted.

17. These awards, identified as IDR Reference Number DISP-1393098, a true and correct copy of which is attached hereto as Exhibit 1, confirm that Respondents' initial payments were insufficient and direct Respondent to issue the required adjustments.

18. Despite these legally binding determinations, Respondents have not consistently adhered to its payment obligations, creating financial strain for Petitioner and undermining the effectiveness of the arbitration process.

## Post-Arbitration Efforts to Obtain Compliance

19. Following the issuance of arbitration award, Petitioner has taken substantial steps to facilitate compliance, including:

    a. Sending formal demand letters outlining Respondents' obligations under federal law;

    b. Direct outreach through phone calls, emails, and provider portals to discuss payment;

    c. Filing regulatory complaints with the Centers for Medicare & Medicaid Services (CMS) in an attempt to resolve the matter administratively.

20. Despite these efforts, Respondents have not provided payment as required, leaving Petitioner with no choice but to pursue judicial enforcement.

## CAUSES OF ACTION

## COUNT ONE – CONFIRMATION OF ARBITRATION AWARD (9 U.S.C. § 9)

21. Petitioner incorporates the allegations set forth above.

22. Under 9 U.S.C. § 9, a party to arbitration may apply for an order confirming an arbitration award.

23. Petitioner has obtained binding arbitration award requiring additional reimbursement.

24. Despite clear legal obligations, Respondents have not fulfilled their payment responsibilities.

25. Petitioner seeks an order confirming the arbitration award and directing Respondents to issue payment.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Confirm the arbitration awards;

2. Enter judgment against Respondents for all unpaid amounts;

3. Award statutory damages, penalties, and attorneys' fees; and

4. Grant any further relief deemed just and appropriate.

Dated: July 10, 2025

                                                      CALLAGY LAW, PC
                                                     Attorney for Petitioner

                                                     By: _/s/ Robert Solomon_
                                                   Robert Solomon, Esq.